**FILED**

May 21, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ NM

DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **DANIELQUIS SANCHEZ OLIVA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **NO. SA-26-CV-02627-OLG** |
| | § | |
| **WARDEN, South Texas Detention** | § | |
| **Facility,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Danielquis Sanchez Oliva's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1). Respondents have responded (Dkt. No. 4), and Petitioner has replied (Dkt. No. 5). After careful consideration, and in light of the broad consensus among the district courts who have considered the due process arguments presented in this case, the Court will grant the Petition for the reasons below.

## I.    BACKGROUND

Based on the record, Petitioner is a citizen of Cuba who entered the United States by presenting at a port of entry on January 9, 2025. (Dkt. No. 1 at 9; Dkt. No. 1-2 at 2; Dkt. No. 4 at 4.) That day, Petitioner was issued a Notice to Appear—which charged him with being inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I), as "an immigrant who, at the time of application for admission, is not in possession of a valid . . . entry document" (Dkt. No. 1-2 at 5)—and then paroled into the United States (Dkt. No. 4 at 4). He was re-detained by ICE on August 8, 2025, and is presently being detained pursuant to 8 U.S.C. § 1225(b)(2)(A) pending the conclusion of his full removal proceedings under § 1229a.[1]

---

[1]Although Petitioner was ordered removed to Cuba on October 29, 2025, he timely appealed the removal order to the Board of Immigration Appeals and, thus, it is not yet administratively final. (Dkt. No. 1

He initiated this action on April 21, 2026, seeking an order compelling his release or requiring that he be given a bond hearing, on the grounds that he may not be mandatorily detained consistent with the Immigration and Nationality Act (INA) and his right to due process. (*See* Dkt. No. 1 at 11–14.)

## II.   JURISDICTION

District courts have jurisdiction to grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c).

The INA does not strip the Court of jurisdiction over the instant challenge to detention. *See, e.g.*, *Perez-Puerta v. Johnson*, No. 25-CV-1476-OLG, Dkt. No. 13 at 2–4 (W.D. Tex. Dec. 15, 2025) (addressing and rejecting the applicability of 8 U.S.C. §§ 1252(g), 1252(b)(9), 1225(b)(4) in context of challenges to mandatory detention). Nor would Petitioner's failure to exhaust administrative remedies, as the exhaustion requirement in the immigration detention context is likely prudential rather than jurisdictional. *Calderon Lopez v. Lyons*, 814 F. Supp. 3d 733, 737 n.1 (N.D. Tex. 2026) (citing 8 U.S.C. § 1252(d)(1)). And "exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) (citation modified); *see Calderon Lopez*, 814 F. Supp. 3d at 737 n.1 (finding that exhaustion—i.e., an appeal to the BIA—would be "an exercise in futility" and therefore was not required); *Petgrave v. Aleman*, 529 F. Supp. 3d 665, 672 & n.14 (S.D. Tex. 2021) (finding that administrative exhaustion would

---

at 10; Dkt. No. 4 at 4); *see* 8 C.F.R. § 1241.1 (providing that an order of removal becomes final upon the "dismissal of an appeal by the Board of Immigration Appeals"). Once an order of removal becomes administratively final, the Government has 90 days to physically remove Petitioner from the United States, during which time detention is mandatory. *See* 8 U.S.C. § 1231; *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021).

be futile where constitutional challenge to detention procedures are raised); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 680–81 (W.D. Tex. 2025) (explaining that requiring petitioner to wait for a ruling on an appeal to the BIA would "exacerbate his alleged constitutional injury—detention without a bond hearing"); *Hernandez-Fernandez v. Lyons*, No. 25-CV-773-JKP, 2025 WL 2976923, at *6–7 (W.D. Tex. Oct. 21, 2025) (same).

## III.   DISCUSSION

Petitioner challenges his detention under the INA and the Due Process Clause of the Fifth Amendment. As the petitioner, he bears the burden of proving that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025) (quoting 28 U.S.C. § 2241(c)(3)). "[B]ecause the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* at 696–97 (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)). "A court considering a habeas petition must 'determine the facts . . . and dispose of the matter as law and justice require.'" *Id.* at 697 (quoting 28 U.S.C. § 2243).

## A.   Statutory Challenge to Application of 8 U.S.C. § 1225(b)

Petitioner's statutory basis for relief (*see* Dkt. No. 1 at 11–12) has been foreclosed by a divided panel of the Fifth Circuit in *Buenrostro-Mendez v. Bondi* and is therefore dismissed. *See* 166 F.4th 494, 500 (5th Cir. 2026) (holding that "unadmitted aliens apprehended anywhere in the United States are ineligible for release on bond, regardless of how long they have resided inside the United States").

## B.   Due Process Challenge to Mandatory Detention

Petitioner also challenges his detention on constitutional grounds. *See, e.g.*, *Sanchez v. Noem*, No. 25-CV-00403-DCG, 2026 WL 596133, at *8 (W.D. Tex. Mar. 2, 2026) (explaining that

3

the Fifth Circuit's decision in *Buenrostro-Mendez* was limited to the interpretation of § 1225(b)(2)(A) and, thus, "does not control whether Respondents are detaining Petitioner in violation of the Constitution"). He argues that his being mandatorily detained without a bond hearing—to establish whether he poses a risk of flight or a danger to the community—violates his due process rights. (Dkt. No. 1 at 12–14.) The Court agrees.

"Noncitizens are entitled to due process of the law under the Fifth Amendment." *Ochoa v. Vergara*, --- F. Supp. 3d. ---, No. 26-CV-266-RP, 2026 WL 482211, at *2 (W.D. Tex. Feb. 20, 2026) (citing *Trump v. J. G. G.*, 604 U.S. 670, 673 (2025)). "[G]overnment detention violates th[e Due Process] Clause unless the detention is ordered in a *criminal* proceeding with adequate procedural protections . . . or, in certain special and narrow nonpunitive circumstances, . . . where a special justification . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Accordingly, if Petitioner has a constitutionally protected liberty interest in residing freely within the United States despite his status as an applicant for admission, then Respondents may not detain him during the pendency of his removal proceedings—notwithstanding the applicable mandatory detention provision in § 1225(b)—unless Respondents' "special justification" for doing so "outweighs" his liberty interest. *See id.*

Petitioner has a constitutionally protected liberty interest in residing freely within the United States during the pendency of his removal proceedings because he "has lived in the United States . . . with the express permission of DHS while he was subject to supervised release pending the resolution of his removal proceedings." *Bonilla Chicas v. Warden*, --- F. Supp. 3d. ---, No. 26-CV-131, 2026 WL 539475, at *7 (S.D. Tex. Feb. 20, 2026); *see Marceau v. Noem*, No. 26-CV-237-KC, 2026 WL 368953, at *1 (W.D. Tex. Feb. 9, 2026) ("[A] person may obtain a liberty interest

4

through their presence in the country, particularly where that presence is with the express permission of the Government." (citing *Lopez-Arevelo*, 801 F. Supp. 3d at 685–86)). His "interest in being free from imprisonment" is "the most significant liberty interest there is." *Bonilla Chicas*, 2026 WL 539475, at *10 (quoting *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020)). Indeed, "liberty from bodily restraint always has been recognized as the core of the liberty protected by the Due Process Clause." *Youngberg v. Romeo*, 457 U.S. 307, 316 (1982)). Thus, not only does this factor clearly weigh in Petitioner's favor, but it "deserves great weight and gravity." *Ochoa*, 2026 WL 482211, at *3 (quoting *Vieira v. De Anda-Ybarra*, 806 F. Supp. 3d 690, 701 (W.D. Tex. 2025)). Accordingly, Respondents' "special justification" must "outweigh" Petitioner's very weighty liberty interest. *See Zadvydas*, 533 U.S. at 690.

Although the Government has a general interest in enforcing immigration laws, the INA is subservient to the Constitution's protections. *See, e.g.*, *Counselman v. Hitchcock*, 142 U.S. 547, 565 (1892) ("Legislation cannot detract from the privilege afforded by the constitution."), *overruled on other grounds by Kastigar v. United States*, 406 U.S. 441 (1972). Of course, "the Government has an interest in detaining noncitizens who pose a flight risk or a danger to the community." *Bonilla Chicas*, 2026 WL 539475, at *11. But if Petitioner poses neither, then restoring his liberty during the pendency of his removal proceedings would in no way diminish the Government's "power to admit or exclude aliens." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020). And yet, § 1225(b)'s mandatory detention provision requires that Petitioner—and, indeed, all applicants for admission—be detained irrespective of whether he poses a danger or flight risk. The Court recognizes that some applicants for admission may present such risks, and, in those cases, the mandatory detention provision would have correctly resulted in their detention throughout removal proceedings. But mandatorily detaining *every* applicant for

admission—including Petitioner—without any hearing or other individualized assessment of whether they pose any risk that would outweigh their liberty interest creates "a very high risk of erroneous deprivation of liberty." *Bonilla Chicas*, 2026 WL 539475, at *11.

Based on the foregoing, Petitioner's due process rights have been violated, and that violation "cannot be mitigated through a post-deprivation hearing." *Bonilla Chicas*, 2026 WL 539475, at *11. Rather, "the need for an individualized determination of whether detention is warranted *at the time of arrest* is required to protect Petitioner's liberty interest." *Id.* In short, "the Due Process Clause of the Fifth Amendment guarantees [Petitioner] adequate notice of the intent to revoke his prior release, an individualized assessment of his flight risk and dangerousness, and an opportunity to respond at a hearing before his re-detention by ICE." *Bonilla Chicas*, 2026 WL 539475, at *11.

Turning to relief, in habeas cases where the Court finds detention unlawful, "the typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). "In recent months, courts across the country have ordered the release of detainees in similar situations." *Ochoa*, 2026 WL 482211, at *4 (collecting cases).[2] The Court agrees and will order Petitioner's immediate release. *See id.*; *Bonilla Chicas*, 2026 WL 539475, at *12.

---

[2] *See Sanchez*, 2026 WL 596133, at *8 (granting relief, post-*Buenrostro-Mendez*, in habeas case brought by petitioner who entered without inspection in 1996 and arrested and mandatorily detained for the first time in 2025); *Hassen v. Noem*, No. 26-CV-48-DB, 2026 WL 446506, at *1–2 (W.D. Tex. Feb. 9, 2026) (citing *Vieira*, 806 F. Supp. 3d 690) (same, in habeas case brought by petitioner who initially presented at a port of entry, was placed in expedited removal proceedings and detained pending a credible fear interview, and was ultimately granted humanitarian parole under § 1182(d)(5)(A)); *Lopez-Arevelo*, 801 F. Supp. 3d at 674, 685–88 (granting habeas relief on procedural due process grounds to petitioner who had previously been detained upon entry and then paroled into the country); *Parada-Hernandez v. Johnson*, No. 25-CV-2729-K-BN, 2025 WL 3465958, at *1, 3–6 (N.D. Tex. Oct. 29, 2025) (same, in habeas case brought by petitioner who had previously been released under an ORR and finding that denial of a bond hearing based on application of § 1225(b)(2) violated procedural due process), *report and recommendation adopted*, No. 25-CV-2729-K-BN, 2025 WL 3463682 (N.D. Tex. Dec. 2, 2025); *Hernandez-Fernandez*, 2025 WL 2976923, at *1, 8–10 (same); *Ordonez-Lopez v. U.S. Dep't of Homeland Sec.*, No. 25-CV-470-KC, 2025 WL 3123828, at *1, 3–5 (W.D. Tex. Nov. 7, 2025) (same, in habeas case brought by petitioner who entered without inspection, was apprehended years later, applied for asylum, and then was paroled into the country);

### IV.    CONCLUSION

Based on the foregoing, Petitioner Danielquis Sanchez Oliva's Petition for Writ of Habeas Corpus (Dkt. No. 1) is **GRANTED IN PART** as follows:

1.    Respondents must release Petitioner Danielquis Sanchez Oliva (A-244-883-956) from custody, under conditions no more restrictive than those in place before the detention at issue in this case, to a public place on or before **Monday, May 25, 2026**;

2.    Respondents must notify Petitioner's counsel of the exact location and time of Petitioner's release as soon as practicable and **at least two hours before release**; and

3.    Respondents must file a status report **within two days thereafter** confirming that Petitioner has been released under conditions of release no more restrictive than those in place before the detention at issue in this case.

The Petition is **DENIED IN PART** to the extent Petitioner seeks to recover attorney's fees under the Equal Access to Justice Act. *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023) ("[T]he EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions."), *cert. denied*, 144 S. Ct. 553 (2024).

---

*Santiago v. Noem*, No. 25-CV-361-KC, 2025 WL 2792588, at *1, 6–14 (W.D. Tex. Oct. 2, 2025) (same, in habeas case brought by petitioner who had protection from deportation under DACA); *Vieira*, 806 F. Supp. 3d at 700–01 (same, in habeas case brought by petitioner who was apprehended upon entry and then released under an ORR); *see also Clemente Ceballos v. Garite*, No. 26-CV-312-DB, 2026 WL 446509, at *2 (W.D. Tex. Feb. 10, 2026) (finding due process violation as applied to alien who entered without inspection in 2004 and had never been paroled or otherwise released into the country by DHS prior to his first encounter with, and resulting detention by, ICE in 2026); *cf. Black v. Decker*, 103 F.4th 133, 149 (2d Cir. 2024) (finding that mandatory detention under § 1226(c) violated due process as applied to alien whose detention pending removal had become unreasonably prolonged).

This Order is a **FINAL JUDGMENT**, and the Clerk is directed to **CLOSE** this case upon its entry.

It is so **ORDERED**.

**SIGNED** on May 21, 2026.

ORLANDO L. GARCIA
United States District Judge